CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 1 2 2007

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

**SAMUEL STEWART,**
**Petitioner,**

                                     **Civil Action No. 7:07-cv-00110**

**v.**                                      **MEMORANDUM OPINION**

**UNITED STATES OF AMERICA,**       **By: Hon. James C. Turk**
**Respondent.**                      **Senior United States District Judge**

Petitioner, a federal inmate proceeding pro se, has filed a motion that petitioner styles as a "Modification of Terms and Conditions of Supervised Release, pursuant to 18 U.S.C. § 3583(e) and [Fed. R. Crim. Pro.] 32.1." Because of the nature of petitioner's claims, the court believes the motion is most properly construed and addressed by the court as a motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255.

Petitioner raises three claims in his motion: (1) certain conditions of his supervised release were not orally pronounced in open court, but appear on his written judgment, in violation of his right to be present at sentencing; (2) the court improperly delegated to the probation officer the responsibility for determining the number of drug tests to which petitioner must submit during supervised release; and (3) the court imposed five years of supervised release, although the maximum term of supervised release under the circumstances was three years. Because these claims all challenge the legality of the sentence, the proper vehicle by which to raise them is a § 2255. United States v. Pregent, 190 F.3d 279, 283 (4th Cir. 1999); United States v. Greene, 206 F. Supp. 2d 811, 814 (S.D. W. Va. 2002). On the other hand, § 3583 permits modification to the terms and conditions of supervised release only upon a showing

Dockets.Justia.com

of changed circumstances, not because the underlying sentence is illegal. See United States v. McMahon, No. 99-4239 (4th Cir. 2000) (unpublished) (citing other cases). Petitioner does not allege changed circumstances warranting any alteration of the terms of his supervised release at this time. Rather, he is attempting to attack his sentence collaterally under this provision. As such claims must be brought under § 2255, the court construes petitioner's current submission as a § 2255 motion. Furthermore, upon review of court records, the court concludes that the action must be dismissed as successive.

This court may consider a second or successive § 2255 motion only upon specific certification from the United States Court of Appeals for the Fourth Circuit that the claims in the motion meet certain criteria. See § 2255 para. 8. Court records indicate that petitioner has previously filed a § 2255 motion, Civil Action No. 7:97-cv-00749, regarding the same conviction and/or sentence. Thus, petitioner's current § 2255 motion is a second or subsequent one under § 2255 para. 8. As petitioner has not submitted any evidence of having obtained certification from the Court of Appeals to file a second or successive § 2255 motion, the court must dismiss the action without prejudice. An appropriate order will issue this day.

The Clerk is directed to send copies of this opinion and the accompanying order to petitioner and to counsel of record for the respondent.

ENTER: This _12th_ day of March, 2007.

_James P. Jones_
Senior United States District Judge

2